Guy FARMER, as Chairman, Abe Murdock, Ivar H. Peterson, Philip Ray Rogers and Albert C. Beeson, as members of and constituting the National Labor Relations Board, Appellants,

v.

INTERNATIONAL FUR AND LEATHER WORKERS UNION OF UNITED STATES AND CANADA, Appellee.

No. 12347.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 5, 1955.

Decided Feb. 15, 1955.

---

Mr. Norton J. Come, National Labor Relations Board, of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Mr. A. Norman Somers, Asst. Gen. Counsel, National Labor Relations Board, was on the brief, for appellants.

Messrs. Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, and Robert G. Johnson, National Labor Relations Board, also entered appearances for appellants.

Mr. Joseph Forer, Washington, D. C., with whom Mr. David Rein, Washington, D. C., was on the brief, for appellee.

WILBUR K. MILLER, BAZELON and DANAHER, Circuit Judges.

BAZELON, Circuit Judge.

Appellee, the International Fur and Leather Workers Union of United States and Canada, brought this suit to enjoin appellants, who are members of the National Labor Relations Board, from depriving appellee of its compliance status under § 9(h) of the National Labor Relations Act.[1] This appeal followed the District Court's grant of a preliminary injunction on the authority of our decision in Farmer v. United Electrical, Radio & Machine Workers, and consolidated cases.[2]

---

1. 61 Stat. 146 (1947), as amended, 29 U.S.C.A. § 159(h): "No investigation shall be made by the Board of any question affecting commerce concerning the representation of employees, raised by a labor organization under subsection (c) of this section, and no complaint shall be issued pursuant to a charge made by a labor organization under subsection (b) of section 160 of this title, unless there is on file with the Board an affidavit executed contemporaneously or within the preceding twelve-month period by each officer of such labor organization and the officers of any national or international labor organization of which it is an affiliate or constituent unit that he is not a member of the Communist Party or affiliated with such party, and that he does not believe in, and is not a member of or supports any organization that believes in or teaches, the overthrow of the United States Government by force or by any illegal or unconstitutional methods. The provisions of section 35A of the Criminal Code shall be applicable in respect to such affidavits."

2. 1953, 93 U.S.App.D.C. 178, 211 F.2d 36, certiorari denied, 1954, 347 U.S. 943, 74 S.Ct. 638, 98 L.Ed. 1091, hereafter referred to as United Electrical Workers.

In United Electrical, Radio & Machine Workers, we held "that the Board has no authority under the Act to deprive the Unions of their compliance status under § 9(h)."³ For that reason we restrained the Board from using a finding, that false non-Communist affidavits had been filed by their officers, as a basis for depriving the unions of the Act's benefits. In the course of that decision, we said, "We need not decide whether the union would be barred from the Act's benefits if its membership was aware of the alleged falsity of the affidavit."⁴ There the Board had made no claim of such awareness. It does make the claim here in the following context.

Ben Gold, the president of the International Fur and Leather Workers Union, was convicted in April 1954 of filing a false non-Communist affidavit in 1950.⁵ Affidavits are required to be filed annually and are effective only for one year. On May 11, 1954, immediately after Gold was re-elected by the Union, he submitted a non-Communist affidavit to the Board for the ensuing twelve-month period in accordance with the annual filing requirement. In proceedings which the Board had instituted immediately after Gold's conviction, an order was issued on May 28, 1954 rejecting Gold's 1954 affidavit because of his conviction, and holding the Union therefore not in compliance under § 9(h). From the fact of Gold's conviction, the Board draws a conclusion that the Union was aware of the falsity of his May 11, 1954 affidavit.

▮ Now that the Board has brought the "union awareness" problem before us, we feel our decision must be the same as that in the United Electrical, Radio & Machine Workers case. The absence of authority in the Board to deprive the Union of its compliance status under § 9(h) cannot be supplied by membership awareness of the falsity of the affidavit.⁶ Congress explicitly provided a criminal penalty for false non-Communist affidavits. It assumed that this threat of criminal sanctions would be a sufficient deterrent to false swearing by union officers. If these sanctions have proved insufficient, it is for Congress, not the Board, to provide new ones.

Affirmed.

---

3. 93 U.S.App.D.C. at page 181, 211 F.2d at page 39.

4. Ibid.

5. This conviction is now pending on appeal in this court (Gold v. United States, No. 12,352).

6. Nor does the Act empower the Board to reject Gold's 1954 affidavit on the ground that his 1950 affidavit was false.